# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br> v. <br> BRIAN MICHAEL PHILPOT, et al., <br><br> Defendants. | Case No. 11cv00812 BTM (POR) <br><br> **ORDER RE MOTIONS TO DISMISS** |

Pending before the Court are motions for determination of good faith settlement filed by Plaintiff and Defendants Samuel Brooks (Doc. 82); Brian Michael Philpot, Daniel Volsteadt, C Richie McNamee, Derrick Allen Moore, Michael Yolton, Scott Neil Pearlman, Stan Pearlman d/b/a Terrace Insurance Services, Nissim Najjar, Sarah Haber, Marketing Partnerships, Inc., Richard J. Wira, Rene Lacape, and Equote (the "Continental Insureds") (Doc. 83),[1] and Yvette S. Wira, Co-trustee of the Wira Family Trust (Doc. 93). For the reasons set forth herein, the Court GRANTS all three motions.

//
//
//

---

[1] Defendants Richard J. Wira, Rene Lacape, and Equote (the "Non-settling Defendants") have not signed the settlement agreement referenced in this motion, but are insured by the same insurance carrier as the other moving defendants, and have joined the motion. (See Doc. 83 at 4 n.1.)

## I. BACKGROUND

This action arises out an alleged fraudulent scheme, coordinated among the various defendants (insurance sales agents, their employers, and their funding entities), to elicit large sales commissions from Plaintiff for policies that were deliberately allowed to lapse—resulting in Plaintiff paying more in sales commissions than it earned in policy payments. For a more comprehensive overview of the events giving rise to this lawsuit, see the Court's September 25, 2012 Order re Motions to Dismiss (Doc. 101).

After receiving the first amended complaint, the defendants filed various motions to dismiss and motions to strike. While those motions were pending, certain of these defendants filed three separate motions for determination of good faith settlement, along with the accompanying settlement agreements (filed under seal). The material terms of the settlement agreements, all three of which are substantially similar, provide:[2]

- Each of the settling defendants will cause a certain amount to be paid to Plaintiff. Travelers Insurance has agreed to pay Plaintiff $61,000 to fully settle and resolve this action on behalf of Samuel Brooks, its insured. Continental Casualty Company has agreed to pay to Plaintiff the remaining limits on its policy for Defendants Brian Michael Philpot, Daniel Volsteadt, C Richie McNamee, Derrick Allen Moore, Michael Yolton, Scott Neil Pearlman, Stan Pearlman d/b/a Terrace Insurance Services, Nissim Najjar, Sarah Haber, Marketing Partnerships, Inc., Richard J. Wira, Rene Lacape, and Equote—an approximate value of $500,000 as of June 21, 2012—to resolve this action on behalf of all Continental Insureds (including the Non-settling Defendants). (Doc. 83 at 11.) Yvette Wira, as Co-Trustee of the Wira Family Trust, has agreed to pay Plaintiff $12,500 to resolve this action on her behalf. The Court excepts from the sealed settlement agreements the amount of settlement funds.

- Each of the parties shall bear their own attorneys' fees and costs.

- In return for the payments, Plaintiff will dismiss the case as to the moving defendants and release the Continental insured defendants and defendants Brooks and Wira.

//
//
//

---

[2] The Court excepts from the sealing the terms of the settlements set forth in this Order.

## II. **DISCUSSION**

The settling defendants seek a determination by the Court that their settlement with Minnesota Life is in good faith. As discussed below, the Court finds that it is.

Under Cal. Civ. Proc. Code § 877.6(a)(1), "[a]ny party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . ." If the court determines that the settlement was made in good faith, such determination "shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c). A party asserting the lack of good faith bears the burden of proof on that issue. Cal. Civ. Proc. Code § 877.6(d).

In Tech-Bilt, Inc. v. Woodward-Clyde & Assoc., 38 Cal. 3d 488, 499 (1985), a case in which the good faith nature of the settlement was disputed, the California Supreme Court set forth a number of factors to be considered by the court in determining whether a settlement is in good faith, including: (1) a rough approximation of plaintiffs' total recovery and the settlors' proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that the settlor should pay less in settlement than he would if he were found liable after trial; (5) the financial condition and insurance policy limits of settling defendant; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants.

The California Court of Appeal has held that it is incumbent upon the court deciding the motion for good faith settlement to consider and weigh the Tech-Bilt factors only when the good faith nature of a settlement is disputed. City of Grand Terrace v. Superior Court, 192 Cal. App. 3d 1251, 1261 (1987). "That is to say, when no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." Id.; see also Hernandez v. Sutter Medical

1  Center of Santa Rosa, 2009 WL 322937 (N.D. Cal. Feb. 9, 2009) (granting motion for good
2  faith settlement without performing Tech-Bilt analysis because there were no objections);
3  Bonds v. Nicoletti Oil, Inc., 2008 WL 4104272 (E.D. Cal. Sept. 3, 2008) (declining to weigh
4  Tech-Bilt factors because there was no opposition to the motion for good faith settlement).
5      Here, no opposition or objections have been filed to the motion.  Accordingly, the
6  Court does not deem it necessary to engage in a comprehensive Tech-Bilt analysis.
7      The Court has reviewed the terms of the settlement and is satisfied that the
8  settlement is in good faith.  There is no evidence of collusion or fraud, and the amount to be
9  paid by the settling defendants under the settlement agreements is reasonable, considering
10 that Plaintiff alleges it paid approximately $4,000,000 in commissions pursuant to the
11 schemes allegedly perpetrated by the defendants in this case (see Compl. ¶ 59), and that
12 amount is offset, to a degree, by the premium payments made on the policies issued by
13 Plaintiff.
14      The Court concludes that the settlement is in good faith and **GRANTS** the Settling
15 Defendants' motion.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

### III. CONCLUSION

For the reasons discussed above, the settling defendants motions for determination of good faith settlement are **GRANTED**. The settlements reached between Plaintiff and Defendants Samuel Brooks, Brian Michael Philpot, Daniel Volsteadt, C Richie McNamee, Derrick Allen Moore, Michael Yolton, Scott Neil Pearlman, Stan Pearlman d/b/a Terrace Insurance Services, Nissim Najjar, Sarah Haber, Marketing Partnerships, Inc., Richard J. Wira, Rene Lacape, Equote, and Yvette S. Wira, Co-trustee of the Wira Family Trust are found to be in good faith within the meaning of Cal. Civ. Proc. Code § 877.6, and any other joint tortfeasor is barred from any further claims against these settling defendants for equitable comparative contribution or comparative indemnity based on comparative negligence or comparative fault.

**IT IS SO ORDERED.**

DATED: October 30, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court