1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

10

# SOUTHERN DISTRICT OF CALIFORNIA

11

12  MINNESOTA LIFE INSURANCE
    COMPANY,
13
                              Plaintiff,
14        v.

15  BRIAN MICHAEL PHILPOT, et al.,

16                            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 11cv00812 BTM (POR)

**ORDER DENYING DEFENDANT
FLETCHER'S MOTION FOR
SUMMARY JUDGMENT**

Pending before the Court is Defendant Beverly Ann Fletcher's motion for summary judgment (ECF No. 84).  For the reasons set forth herein, the Court **DENIES** Defendant Fletcher's motion for summary judgment.

## I.  BACKGROUND

Plaintiff Minnesota Life Insurance Company ("Minnesota Life" or "Plaintiff") is a life insurance company.  The present action arises out of an alleged fraudulent scheme, coordinated among the various defendants (insurance sales agents, their employers, and their funding entities), to elicit large sales commissions from Plaintiff for policies that were deliberately allowed to lapse, resulting in Plaintiff paying more in sales commissions than it earned in policy payments.  Defendant Fletcher was a sales agent with Marketing

Partnerships, Inc., an insurance brokerage that sold life insurance policies, during the relevant time period.

Plaintiff commenced this action on April 18, 2011. Defendants filed various motions to dismiss, and the Court issued an order on those motions on September 27, 2012 ("September 27 order"). But while the motions to dismiss were under submission to the Court, Defendant Fletcher, who was among the defendants with a motion to dismiss pending, also filed a motion for summary judgment.

Plaintiff has alleged ten causes of action as follows: (1) unfair competition in violation of California Business & Professions Code § 17200, *et seq*.; (2) breach of fiduciary duty; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; (5) fraud; (6) negligence; (7) unjust enrichment; (8) violation of 18 U.S.C. § 1962(c) ("civil RICO") and 1962(d) ("RICO conspiracy"); (9) declaratory relief; and (10) accounting. In the Court's September 27, 2012 order, the Court dismissed Plaintiff's claims for declaratory relief and an accounting, but all other claims remain.

## II.  STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the

1   nonmoving party bears the burden of proving at trial. Id. at 322-23.  "Disputes over irrelevant
2   or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc.
3   v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

4       Once the moving party establishes the absence of genuine issues of material fact, the
5   burden shifts to the nonmoving party to set forth facts showing that a genuine issue of
6   disputed fact remains. Celotex, 477 U.S. at 314.  The nonmoving party cannot oppose a
7   properly supported summary judgment motion by "rest[ing] on mere allegations or denials
8   of his pleadings." Anderson, 477 U.S. at 256.  When ruling on a summary judgment motion,
9   the court must view all inferences drawn from the underlying facts in the light most favorable
10  to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
11  587 (1986).

12

13                           **III.  DISCUSSION**

14      At the outset, the Court notes that much of Defendant Fletcher's motion for summary
15  judgment reiterates arguments made in her motion to dismiss, which the Court has since
16  ruled on.  While Defendant Fletcher has reframed the arguments as Plaintiff being unable
17  to provide admissible evidence for its claims rather than failing to state them, that does not
18  affect the merits of her arguments.

19      But one argument that Defendant Fletcher relied on extensively in both motions is that
20  there was no enforceable contract between her and Plaintiff.  In the Court's September 27
21  order, it declined to address this issue on the grounds that it was inappropriate in that
22  procedural posture.  But on a motion for summary judgment, the Court may consider facts
23  outside the pleading, and therefore addresses the question of whether there was a valid
24  contract.

25      Defendant Fletcher argues that there is no enforceable written contract between
26  herself and Plaintiff because the signature pages in the Broker Sales Contract included
27  language that "You and We must sign two copies of the contract before it goes into effect."
28  (First Amended Complaint ("FAC"), Ex. B.)  Plaintiff does not dispute that only one copy was

signed.  Instead, it argues that the requirement was not material to the contract, and since the parties otherwise acted in accordance with the contract, it is still a valid and enforceable contract.

Under California law, courts should avoid interpreting contracts in a way that would make them "extraordinary, harsh, unjust, or inequitable." Barroso v. Ocwen Loan Servicing, LLC, 208 Cal. App. 4th 1001, 1013 (2012) (citing Powers v. Dickson, Carlson & Campillo, 54 Cal.App.4th 1102, 1111–1112 (1997)).  In Barroso, the court was faced with the question of whether the defendant's failure to sign and return the modification agreement precluded contract formation.  As here, the agreement included language that it would not take effect unless that occurred.  Id. at 1012.  The court in Barroso declined to interpret the provision as a condition precedent, finding that such an interpretation would "violate the[] fundamental principles of contract interpretation," under which courts ought to interpret contracts so as to make them "lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties."  Id. (internal quotations omitted).  In particular, the Court noted the inequity that would result in interpreting the contract such that the defendant "would have sole control over the formation of the contract despite [the plaintiff's] full performance, simply by refusing to return a signed copy to her."  Id. at 1013.

For similar reasons, this Court declines to adopt the interpretation of the contract that Defendant Fletcher urges. To find that no contract has been formed based on a mere formality, where both parties have acted in accordance with the existence of a contract, would defy both justice and common sense.  The Court holds that Plaintiff has established for this motion that a valid contract was formed between Plaintiff and Defendant Fletcher.

The Court now turns to the specific causes of action.

//
//
//
//

4

a.     Unfair competition

Plaintiff's first claim is for violation of California's Unfair Competition Law ("UCL").  The UCL prohibits individuals and business organizations from engaging in any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Defendant Fletcher argues that Plaintiff cannot provide admissible evidence as to its claim for violation of California's Unfair Competition Law ("UCL") because rebating is legal in California, and Defendant Fletcher did not conceal that she was offering rebates nor did she have a duty under the contract to disclose that she was doing so.

Defendant Fletcher relies on Proposition 103 in arguing that rebating is legal in California.  Proposition 103, enacted on November 9, 1988, repealed California's anti-rebate law.  However, it did so subject to several exceptions, including life insurance.  See Cal. Ins. Code § 1861.13 (statute as enacted via Proposition 103 applies "to all insurance on risks or on operations in this state, except those listed in Section 1851"); id. at § 1851(b) (exempting life insurance).  See also Calfarm Ins. Co. v. Deukmejian, 48 Cal. 3d 805, 812 n.1 (1989); Fairbanks v. Superior Court, 46 Cal. 4th 56, 65, 205 P.3d 201, 206 (2009) ("Proposition 103 does not apply to life insurance...").  Thus, life insurance rebating is not lawful in California.

In addition, as the Court noted in the September 27  order, the language of the UCL is extremely broad and sweeping, such that "a practice [may be] prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa."  Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (citation and quotation marks omitted).  As the Court found, "the wrongful commissions scheme, as alleged, is both unfair and fraudulent, even if not outright unlawful."  Order re Mot. Dismiss Sept. 27, 2012 (ECF No. 101) at 10.  The same applies to whether Defendant Fletcher had a contractual duty to disclose.  Regardless of whether she had an explicit obligation to do so under the contract, the scheme as alleged is unfair and deceptive, which is sufficient for a claim under the UCL.  Therefore, the Court **DENIES** the motion for summary judgment as to Plaintiff's first cause of action under the UCL.

b.      Breach of fiduciary duty

Since Defendant Fletcher's defense to Plaintiff's claim of breach of fiduciary duty rests entirely on her argument that there was no contract, the Court **DENIES** her motion for summary judgment as to Plaintiff's second cause of action for the reasons above.

c.      Breach of contract

In addition to claiming that a contract was never formed, Defendant Fletcher argues that the contract "does not prohibit any of the activities allegedly constituting a breach of contract." Def. Mot. for Summ. J. at 3.  However, as explained in the Court's September 27 order, Plaintiff's breach of contract claim "asserts breaches other than, and in addition to, the failure to abide by Plaintiff's policies and procedures," such as requiring sales agents to conduct business with honesty and integrity.  Order re Mot. Dismiss at 6.  "Consequently, even if the contracts expressly *permitted* rebating, Plaintiff's breach of contract claim would survive." Id. (emphasis in original).

The Court therefore **DENIES** Defendant Fletcher's motion for summary judgment as to the third cause of action for breach of contract.

d.      Breach of the covenant of good faith and fair dealing

With regard to Plaintiff's claim for breach of the covenant of good faith and fair dealing, Defendant Fletcher argues that Plaintiff alleges obligations beyond the specific terms of the contract and therefore cannot have any admissible evidence to prove this claim. However, the Court has already determined that what Plaintiff has alleged Defendants did "constitutes conduct that clearly undermines the purpose of the agency agreements, such that Plaintiff has properly stated a claim for breach of the implied covenant of good faith and fair dealing." Order re Mot. Dismiss at 7.  Therefore, the Court **DENIES** the motion as to Plaintiff's fourth cause of action.

//

//

e.      Fraud

The elements of a claim for fraud under California law are: (1) a misrepresentation (or a failure to disclose by one who has a fiduciary duty to another), (2) of a material fact, (3) scienter, (4) reliance, and (5) damages.  <u>Alliance Mortgage Co. v. Rothwell</u>, 10 Cal. 4th 1226, 1239 (1995).

Defendant Fletcher asserts, as she did in her motion to dismiss, that the intention of third parties (i.e., the policyholders) to allow the policies to lapse is not a "fact" capable of being misrepresented.  However, as the Court stated in its earlier order, the misrepresented "fact" is not the state of mind of the policyholders, but rather "the statement that the allegedly fraudulent applications contained all material circumstances relevant to issuing the policy." Order re Mot. Dismiss at 12.  Defendant Fletcher also argues that nothing in the contract prohibited her from rebating or required her to disclose the rebating to Plaintiff.  But as the Court found in its earlier order, "[t]his argument does not confront the substance of Plaintiff's fraud allegations, as Plaintiff's allegations of fraud are not limited to the mere failure to disclose the practices of rebating and premium financing."  <u>Id.</u> at 13.  Therefore, the Court **DENIES** the motion as to Plaintiff's fifth cause of action.

f.      Negligence

Since Defendant Fletcher's defense to Plaintiff's negligence claims rests entirely on her argument that there was no contract, the Court **DENIES** her motion for summary judgment as to the sixth cause of action.

g.      Unjust enrichment

With regard to Plaintiff's claim for unjust enrichment, Defendant Fletcher argues, as she did in her motion to dismiss, that California law does not recognize such a claim. However, as the Court stated in its earlier order, unjust enrichment is synonymous with restitution, for which Plaintiff has stated a claim.  <u>Id.</u> at 16.

Defendant Fletcher also argues that Plaintiff's claim for unjust enrichment is barred

11cv00812 BTM (POR)

because "[a] party may not proceed on a quasi-contract theory for unjust enrichment where the subject matter that is the basis for the claim is governed by an express contract." Def. Mot. Summ. J. (ECF No. 84-1) at 15 (citing California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc., 94 Cal. App. 4th 151, 172-73 (2001)).  Plaintiff did not respond to this argument in its opposition, but the Court finds that Defendant Fletcher's assertion that Plaintiff may not recover restitution if there is a valid contract is supported in the case law. See, e.g., Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) ("[U]njust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties."); Klein v. Chevron U.S.A., Inc., 202 Cal. App. 4th 1342, 1388 (2012) ("A plaintiff may not, however, pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter.").

Under California law, it is well-established that a plaintiff may proceed to trial upon inconsistent causes of action.  Grudt v. City of Los Angeles, 2 Cal. 3d 575, 586, 468 P.2d 825, 830 (1970).  The plaintiff may "introduce his evidence upon each and all of these causes of action, and the election or the decision as to which of them is sustained, is... a matter for the judge or jury."  Buck v. Cardwell, 161 Cal. App. 2d 830, 834, 327 P.2d 223, 225-26 (1958).  See also  Tanforan v. Tanforan 173 Cal. 270, 274 (1916).  Thus, even though Plaintiff may not recover under both a contract and quasi-contract theory, it is entitled to plead unjust enrichment in the alternative.  The Court therefore **DENIES** Defendant Fletcher's motion for summary judgment as to Plaintiff's seventh cause of action for unjust enrichment.

h.    RICO

Defendant Fletcher argues that Plaintiff's civil RICO claim under 18 U.S.C. § 1962(c) fails because Plaintiff has not alleged an enterprise separate from the persons involved.[1]

---

[1] "[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161

But as the Supreme Court stated in <u>Cedric Kushner Promotions, Ltd. v. King</u>, 533 U.S. 158, 163 (2001), "[t]he corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status. And we can find nothing in the [RICO] statute that requires more 'separateness' than that."  Plaintiff has alleged that Defendant Fletcher was a sales agent associated with the Marketing Partnership Defendants enterprise, which is clearly sufficient to establish the requisite legal separateness between the two.

Defendant Fletcher also argues that Plaintiff has not pleaded the predicate acts with sufficient particularity, but the Court already rejected this argument in its September 27, 2012 order.  <u>See</u> Order re Mot. Dismiss at 14.  As to the 18 U.S.C. § 1962(d) claim for a RICO conspiracy, Defendant Fletcher argues that Plaintiff cannot prove a RICO conspiracy because it cannot prove the underlying civil RICO violations, but since the Court finds that Plaintiff has sufficiently alleged a claim for civil RICO violations, this argument must also fail. Therefore, the Court **DENIES** the motion as to Plaintiff's eighth cause of action for civil RICO and RICO conspiracy.

## IV.  CONCLUSION

For the reasons above, the Court **DENIES** Defendant Fletcher's motion for summary judgment.

**IT IS SO ORDERED.**

DATED:  January 7, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

9