# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BRIAN MICHAEL PHILPOT, et al.,<br><br>　　　　　　　Defendants. | Case No. 11cv00812 BTM (POR)<br><br>**ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |

Pending before the Court is a motion for determination of good faith settlement filed by Plaintiff Minnesota Life Insurance Company and Defendant Alex Almeida (ECF No. 121). For the reasons set forth herein, the Court GRANTS the motion for determination of good faith settlement.

## I. BACKGROUND

This action arises out of an alleged fraudulent scheme, coordinated among the various defendants (insurance sales agents, their employers, and their funding entities), to elicit large sales commissions from Plaintiff for policies that were deliberately allowed to lapse— resulting in Plaintiff paying more in sales commissions than it earned in policy payments. For a more comprehensive overview of the events giving

rise to this lawsuit, see the Court's September 25, 2012 Order re Motions to Dismiss (ECF No. 101).

On February 4, 2013, Plaintiff and Defendant Almeida filed a joint motion for determination of good faith settlement (ECF No. 121), along with the accompanying settlement agreement (filed under seal). The material terms of the settlement agreement provide:[1]

- Mr. Almeida will cause a certain sum of money to be paid to Plaintiff.
- Each of the parties shall bear their own attorneys' fees and costs.
- In return for the payments, Plaintiff will dismiss the case as to Mr. Almeida.

On July 22, 2013, the Court ordered the parties to submit evidence as to Mr. Almeida's individual liability (ECF No. 133). Plaintiff submitted the evidence on July 26, 2013 (see ECF Nos. 134 & 135).

## II. **DISCUSSION**

Plaintiff Minnesota Life and Defendant Alex Almeida seeks a determination by the Court that their settlement is in good faith. As discussed below, the Court finds that it is.

Under Cal. Civ. Proc. Code § 877.6(a)(1), "[a]ny party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . ." If the court determines that the settlement was made in good faith, such determination "shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative

---

[1] The Court excepts from the sealing the terms of the settlement set forth in this Order.

fault." Cal. Civ. Proc. Code § 877.6(c). A party asserting the lack of good faith bears the burden of proof on that issue. Cal. Civ. Proc. Code § 877.6(d).

In <u>Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.</u>, 38 Cal. 3d 488, 499 (1985), a case in which the good faith nature of the settlement was disputed, the California Supreme Court set forth a number of factors to be considered by the court in determining whether a settlement is in good faith, including: (1) a rough approximation of plaintiffs' total recovery and the settlors' proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that the settlor should pay less in settlement than he would if he were found liable after trial; (5) the financial condition and insurance policy limits of settling defendant; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants.

The California Court of Appeal has held that it is incumbent upon the court deciding the motion for good faith settlement to consider and weigh the <u>Tech-Bilt</u> factors only when the good faith nature of a settlement is disputed. <u>City of Grand Terrace v. Superior Court</u>, 192 Cal. App. 3d 1251, 1261 (1987). "That is to say, when no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." <u>Id.</u>; <u>see also</u> <u>Hernandez v. Sutter Medical Center of Santa Rosa</u>, 2009 WL 322937 (N.D. Cal. Feb. 9, 2009) (granting motion for good faith settlement without performing <u>Tech-Bilt</u> analysis because there were no objections); <u>Bonds v. Nicoletti Oil, Inc.</u>, 2008 WL 4104272 (E.D. Cal. Sept. 3, 2008) (declining to weigh <u>Tech-Bilt</u> factors because there was no opposition to the motion for good faith settlement).

Here, no opposition or objections have been filed to the motion. Accordingly, the Court does not deem it necessary to engage in a comprehensive <u>Tech-Bilt</u> analysis.

The Court has reviewed the terms of the settlement, as well as the supplemental evidence submitted by Plaintiff regarding Mr. Almeida's individual liability, and is satisfied that the settlement is in good faith. There is no evidence of collusion or fraud,

and the amount to be paid by Mr. Almeida under the settlement agreement is reasonable given Plaintiff's estimation of his individual liability as compared to the cost of further litigation.

The Court concludes that the settlement is in good faith and **GRANTS** the motion.

### III. CONCLUSION

For the reasons discussed above, the settling defendant's motion for determination of good faith settlement is **GRANTED**. The settlements reached between Plaintiff and Defendant Alex Almeida is found to be in good faith within the meaning of Cal. Civ. Proc. Code § 877.6, and any other joint tortfeasor is barred from any further claims against Defendant Almeida for equitable comparative contribution or comparative indemnity based on comparative negligence or comparative fault.

**IT IS SO ORDERED.**
DATED: August 19, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court